IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANITA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13 C 5717 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| CENTRAL STATES FUNDS, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Shanita Johnson filed suit against the Central States, Southeast and Southwest Areas Pension Fund and the Central States, Southeast and Southwest Areas Health and Welfare Fund ("the Funds") alleging retaliation and interference under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").[1] The Funds answered the complaint and moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. 9.) For the following reasons, the motion is granted and the complaint is dismissed without prejudice to Johnson refiling an amended complaint.[2]

**LEGAL STANDARD**

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. Fed. R. Civ. P. 12(c); *see also Buchanan-Moore* v. *Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). For the purposes of a Rule 12(c) motion, "the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments

---

[1] Johnson's complaint lists two additional counts for racial discrimination and retaliation that were dismissed with prejudice based on res judicata, as the claims were identical to ones she brought in a 2012 case. (Dkt. 12.)

[2] This court has jurisdiction over this matter pursuant to 29 U.S.C. § 2617(a)(2). Venue is proper under 28 U.S.C. § 1391(b).

1

attached as exhibits." *Hous. Auth. Risk Retention Grp., Inc.* v. *Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citations omitted). The court reviews Rule 12(c) motions using the same standard that applies to motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Buchanan-Moore*, 570 F.3d at 827. Under Rule 12(c), the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Bank of New York Mellon* v. *Estrada*, No. 12 C 5952, 2013 WL 3811999, at *1 (N.D. Ill. July 22, 2013) (internal quotations omitted) (quoting *Buchanan-Moore*, 570 F.3d at 827). To avoid dismissal, a plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atlantic* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## BACKGROUND

Johnson has been employed by the Funds since July 2000. (Dkt. 1 ("Compl.") ¶ 7.) In March 2012, Johnson applied for and received FMLA leave. (*Id.* ¶ 20.) A few months later, the Funds approved Johnson's vacation from July 4 to July 19, 2012. (*Id.* ¶ 22.) It is not clear whether Johnson returned to work between her March FMLA leave and July vacation. Two days before her vacation was set to end, she received a call from Scott Robbins, the director of human resources at the funds. He told her, "You don't need to return until further notice." (*Id.* ¶ 23.) Also on July 18, Richard Jackson, the compensation and benefits manager told her, "Don't come to work." (*Id.* ¶ 24.) At some point, the Funds asserted that Johnson did not fill out her FMLA paperwork correctly, although Johnson does not state in her complaint whether either Robbins or Jackson stated this was why she should not come to work. Johnson did not attend work for eight days at the end of July and beginning of August 2012 and was not paid for those days. (*Id.* ¶ 26.)

She thus brings this claim for retaliation and/or interference under the FMLA, seeking lost wages and other benefits associated with her eight days of unpaid leave.

**ANALYSIS**

The FMLA allows an eligible employee with a serious health condition to take up to twelve workweeks of unpaid leave during a twelve-month period. 29 U.S.C. § 2612(a)(1)(D). An employee may also take leave to care for close relatives with serious health conditions. *Id.* § 2612(a)(1)(C). When the employee returns from FMLA leave, she is entitled to be restored to the same or an equivalent position that she had before the leave with equivalent benefits and pay. *Id.* § 2614(a). Employers are prohibited from interfering with their employees' FMLA rights or retaliating against employees for exercising those rights. *Id.* § 2615(a); *see also Lewis* v. *Sch. Dist. # 70*, 523 F.3d 730, 741 (7th Cir. 2008).

**I.    Whether The Funds Interfered With Johnson's FMLA Rights[3]**

To prevail on an FMLA interference claim, Johnson must show that (1) she was eligible for the FMLA's protections; (2) the Funds were covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) the Funds denied her FMLA benefits to which she was entitled. *Goelzer* v. *Sheboygan Cnty., Wis.*, 604 F.3d 987, 993 (7th Cir. 2010). Though the parties do not state so in their briefing, it appears that only the last element is in dispute.

Johnson took her FMLA leave in March 2012. She makes no claim that the Funds prevented her from doing so. She does not allege that the Funds prevented her from returning to

---

[3] Johnson presents her FMLA claim as one for either interference or retaliation, but she indicates in her response brief that the claim is one for FMLA retaliation. The court considers the merits of both types of claims. The Funds insist that this should be viewed as an FMLA interference claim, not an FMLA retaliation claim. As discussed throughout this opinion, the complaint does not adequately plead either type of claim but the court is unwilling to definitively bar Johnson from bringing an FMLA interference claim at this juncture.

3

work at the end of her leave or that they forced her to work in a different position upon her return. She merely states that her return from her July 2012 vacation was delayed by eight days. She does not indicate if these eight days she missed counted against her twelve weeks of allotted FMLA time and if she was unable to pursue subsequent FMLA leave in 2012 due to her involuntary absence. *See Wysong* v. *Dow Chem. Co.*, 503 F.3d 441, 449-50 (6th Cir. 2007) (employee has claim for involuntary FMLA leave if employer forced her to take FMLA leave, she subsequently sought more leave, and was refused because forced leave exhausted her allotted FMLA leave). Nor does Johnson allege that she would have been medically able to return to work on July 19, 2012. *James* v. *Hyatt Regency Chicago*, 707 F.3d 775, 781 (7th Cir. 2013) ("Employers are under no obligation to restore an employee to his or her position if the employee is unable to perform the essential functions of the job."). Indeed, it is not clear whether she had already returned to work at that time.

In other words, Johnson does not tie her forced leave to any deprivation of FMLA benefits. Rather, Johnson appears to allege that she was punished for incorrectly filling out her FMLA paperwork. But employers are entitled to certain information from employees seeking to take FMLA leave, and Johnson's complaint does not indicate that she did, in fact, provide all required information to the Funds. *See Ridings* v. *Riverside Med. Ctr.*, 537 F.3d 755, 768 (7th Cir. 2008) (citations omitted) (lawful for employer to require medical certification from employee seeking FMLA leave). In its current state, even taking all inferences in favor of Johnson, the claim for FMLA interference does not survive the Funds' motion and is dismissed without prejudice. If Johnson wishes amend her complaint to pursue this claim, she is encouraged to specify how she was deprived of FMLA benefits and the benefits of which she was deprived.

4

## II. Whether The Funds Retaliated Against Johnson For Exercising Her FMLA Rights

Alternatively, Johnson alleges she was retaliated against by the Funds for taking FMLA leave. "The difference between a retaliation and interference theory is that the first 'requires proof of discriminatory or retaliatory intent while [an interference theory] requires only proof that the employer denied the employee his or her entitlements under the Act.'" *Goelzer*, 604 F.3d at 995 (brackets in original) (quoting *Kauffman* v. *Fed. Exp. Corp.,* 426 F.3d 880, 884 (7th Cir. 2005)). An employee can prevail on an FMLA retaliation claim through either direct or indirect methods of proof. *Goelzer*, 604 F.3d at 995. While a plaintiff need not plead the elements of the *prima facie* case to survive a motion to dismiss, "those elements can serve as guidance when considering the sufficiency of a complaint." *Morkoetter* v. *Sonoco Prods. Co.*, 936 F. Supp. 2d 995, 1001 (N.D. Ind. 2013); *cf. Swanson* v. *Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010.) ("[Plaintiff's] complaint identifies the type of discrimination that she thinks occurs . . . by whom . . . and when. . . . This is all that she needed to put in the complaint.").

### A. Direct Method

To prevail under the direct method, Johnson must show that "(1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action." *Serednyj* v. *Beverly Healthcare, LLC*, 656 F.3d 540, 556 (7th Cir. 2011). She makes out the first two elements by alleging she requested and received FMLA leave and was forced to take eight days of unpaid leave. *See James*, 707 F.3d at 782 (discussing materially adverse employment actions); *see also Tolston-Allen* v. *City of Chicago*, No. 12 C 7601, 2014 WL 1202742, at *5 (N.D. Ill. Mar. 21, 2014) (allegation that plaintiff was suspended without pay sufficient to survive 12(b)(6) motion).

Jones' complaint falls short, however, in making a causal connection between her protected activity and the adverse action, and she does not allege any discriminatory or retaliatory intent on the Funds' part. With the limited facts in the complaint, it is unclear how her request for FMLA leave led to her inability to return to work roughly four months later, at the end of her *vacation*—not her FMLA leave. While she states at the end of her complaint that "[t]he funds instructing Ms. Johnson not to return to work on July 18 due to her FMLA paperwork, retaliated against her" (Compl. ¶ 38), the facts section of her complaint does not state that her FMLA paperwork was the reason she was told she could not work, nor does she say when or from whom she learned of this reason. Further, the linkage between the two is even less apparent given that the adverse employment action occurred four months after she had already taken her FMLA leave. *See, e.g., Pagel* v. *TIN Inc.*, 695 F.3d 622, 631 (7th Cir. 2012) (causal nexus element in FMLA retaliation case may be met by "convincing mosaic of circumstantial evidence [which] may include suspicious timing").

The court cannot help but suspect that Johnson may be improperly "hiding the ball" by failing to articulate a connection between alleged problems with her FMLA paperwork and her being told not to return to work for eight days. *Cf. EEOC* v. *Concentra Health Serv., Inc.*, 496 F.3d 773, 780 (7th Cir. 2007) ("The [pleading] rules do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation."). If Johnson chooses to replead her retaliation claim, she is instructed to state the facts on which she relies to support a connection between the exercise of an FMLA right and an adverse employment action, and to more clearly allege the Funds' discriminatory or retaliatory intent.

### B. Indirect Method

Johnson fares no better under the indirect method, which requires her to show that "(1) she engaged in statutorily protected activity; (2) she was performing her job to her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Serednyj*, 656 F.3d at 556-57. While the first three elements are not at issue (*see* Compl. ¶ 21), the fourth poses a more difficult inquiry. Johnson does not allege that she was treated less favorably than similarly situated employees who did not exercise FMLA rights. She reasons in her response brief that the court can infer that such similarly situated employees exist but the court is unwilling to do so. Other judges in this district have found that the lack of such an allegation is fatal to a plaintiff's claim. *See, e.g., Budzban* v. *DuPage Cnty. Reg'l Office of Educ., Addison Sch. Dist. 4*, No. 12 C 900, 2013 WL 147628, at *5 (N.D. Ill. Jan. 14, 2013) (plaintiff failed to establish *prima facie* equal protection disability discrimination case by failing to allege similarly situated, non-disabled employees treated more favorably).

While the court accepts all well-pleaded allegations in the complaint as true and makes inferences in Johnson's favor, it will not make those "supported by only speculation or conjecture." *Gardner* v. *City of Chicago*, No. 12 C 5184, 2012 WL 5381258, at *1 (N.D. Ill. Oct. 31, 2012) (quoting *Argyropoulos* v. *City of Alton*, 539 F.3d 724, 735 (7th Cir. 2008)). She is required to give sufficient information to put the Funds on notice of her claim. Whether she believes there are similarly situated employees is part of this information. Because Johnson's current complaint does not plausibly make out an FMLA retaliation claim via the direct or indirect method of proof, it is dismissed without prejudice.

## CONCLUSION AND ORDER

For the foregoing reasons, the Funds' Rule 12(c) motion for judgment on the pleadings is granted. Johnson's complaint is dismissed without prejudice to her refiling an amended complaint that clearly alleges the necessary elements to establish her claims. If she chooses to file an amended complaint, she must do so by August 21, 2014. If Johnson does not file an amended complaint by August 21, 2014, the case will be dismissed.

Date: July 31, 2014

U.S. District Judge Joan H. Lefkow